(102 So. 44)

**JOHNSON v. REPUBLIC IRON & STEEL CO. (6 Div. 147.)**

(Supreme Court of Alabama. Oct. 30, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Master and servant ☜388—Wrongfully abandoned wife not supported by husband held not entitled to compensation; "dependent."**

Wife, whom deceased had wrongfully abandoned and ceased to support for 10 years prior to his death, was not entitled to compensation within Acts 1919, p. 217, § 14 (a), defining wife as dependent, "unless voluntarily living apart * * * or unless * * * husband was not contributing to her support."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

**2. Constitutional law ☜70(1)—Court cannot add or subtract terms to make statute conform to opinion.**

Court has no authority to add or subtract terms in order to bring statute into better accord with its opinion as to what it ought to be.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Petition by Ellen Johnson against the Republic Iron & Steel Company for compensation under the Workmen's Compensation Act. From a decree or judgment denying compensation, petitioner appeals by certiorari with bill of exceptions. Affirmed.

Reuben H. Wright and Leigh M. Clark, both of Tuscaloosa, and Frank Bainbridge, of Birmingham, for appellant.

A widow who has been wrongfully deserted by her husband and involuntarily lived apart from him at the time of his death is conclusively presumed to have been wholly dependent upon him for support, even though he has not contributed to her support in any way. State ex rel. v. Dist. Court, 137 Minn. 283, 163 N. W. 509; State ex rel. v. Dist. Court, 139 Minn. 409, 166 N. W. 772; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Ex parte Central I. & C. Co., 209 Ala. 22, 95 So. 472; Ind. Comm. v. Dell, 104 Ohio St. 389, 135 N. E. 669; Merrill v. Penasco Lbr. Co., 27 N. M. 632, 204 P. 72; Parson v. Murphy, 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellee.

Petitioner is not entitled to compensation. Acts 1919, p. 217, § 14; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Bailey v. State, 158 Ala. 18, 48 So. 498; Id., 219 U. S. 229, 31 S. Ct. 145, 55 L. Ed. 191. 1 Words and Phrases, 151, "Actual." Where the verbiage used by the Legislature is plain, and the intention is clear, the courts will not change it. State ex rel. Garwin v. Dist. Court, 129 Minn. 156, 151 N. W. 910.

SAYRE, J. Certiorari with bill of exceptions to review the finding and decree of the circuit court denying compensation to appellant under the Workmen's Compensation Act. The theory of appellant's case is thus expressed in the outset of her brief: A widow who has been wrongfully deserted by her deceased husband and who was involuntarily living separate and apart from him at the time of his death, is entitled to receive compensation from his employer under the provisions of the act, even though he was not contributing to her support in any way at the time of his death. We regret our inability to construe the statute as it must be construed to make appellant's claim of compensation effectual, or rather, we will say, the statute has been so framed as, very plainly, to exclude appellant in her circumstances from its benefits.

[1, 2] Appellant and the deceased employee, Curtis Johnson, were man and wife, but 10 years or more before his death Curtis had voluntary and wrongfully abandoned appellant, and had entered into a bigamous marriage with one Georgia, who now claims to be his widow. During these years appellant

and her said husband lived apart and he contributed nothing to her support. These conclusions are in agreement with the findings of the circuit court as shown by the record.

By statute it is provided (Acts 1919, p. 217):

"14. *Who are dependents, and allowances to each.*—(1) *Wife and children conclusively presumed wholly dependent; when.* For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be known [meaning 'shown'] that she was voluntarily living apart from her husband at the time of his injury or death, or unless it be shown she was not married to the deceased at the time of the accident or for a reasonable period prior to his death, or unless it be shown that the husband was not in any way contributing to her support."

Appellant, as we have in effect already said, was not voluntarily living apart from her husband—so far as she was concerned her separation from him was involuntary. But she had all along been the lawful wife of deceased. So then the only question presented is, what did the Legislature intend when it adopted its concluding alternative "unless it be shown that the husband was not in any way contributing to her support?" If the way were open to us we would prefer to hold, as did the Supreme Court of Ohio in Industrial Commission v. Dell, 104 Ohio St. 389, 135 N. E. 669, that "dependency rests upon an obligation of support, and not upon the question as to whether that obligation is being discharged," and so that a recreant husband could not relieve himself of the *obligation to support a dutiful wife by his* mere defiant refusal to discharge that obligation. But here, unfortunately for appellant's contention, words could hardly make it clearer that the Legislature intended to make the fact that the husband, at the time of his injury or death, was not contributing to his wife's support a sufficient reason for denying to her any compensation under the act, and this without regard to whether at that time they were living together or apart. In case the husband is contributing to the wife's support, so much of the statute as we have quoted above, for all the purposes thereby sought to be accomplished, declares conclusively the wife to be wholly dependent. See in this connection Ex parte Thomas, 209 Ala. 276, 96 So. 233. Its necessary effect is to leave the question of the wife's dependency, in case the husband was not in any way contributing to her support, to be determined elsewhere and upon different considerations, and, if this were the whole of the statute on this particular subject, we could see our way to the adoption of the Ohio decision, supra. But the statute in subsections 3 and 3A defines total and partial dependents—and, of course, the only purpose of the statute is to provide for dependents, total or partial—in a way to exclude appellant from the benefits it proposes to confer. These subsections define the status of the wife (along with others) as wholly or partially dependent according as she is "wholly supported"—that is, supported in fact—or regularly derives a part of her support—again, support in fact—from the earnings of the deceased workman, and, in connection with subsection 15 and other parts of the statute not necessary to be repeated, provide for the distribution among total and partial "actual dependents" of the compensation to be awarded. These arrangements exclude appellant, nor has the court authority to add or subtract terms in order to bring the statute into better accord with a different opinion as to what it ought to be.

The cases from other jurisdictions have contributed nothing to our consideration of the case in hand, for nowhere else, so far as we are informed, is there a statute like that of this state in the particular in question. It will be found upon examination that elsewhere the courts have been left to formulate their own proper definitions of dependency, whereas in this state the Legislature has defined dependency in its own unmistakable language. It follows that the judgment of the trial court, denying compensation to appellant, must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.