# Richmond

ALBERTA HUNDLEY V. LUVINIA HUNDLEY, AND COLLEGE
OF WILLIAM AND MARY.

December 6, 1943.

Record No. 2735.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*A. A. Bangel,* for the appellant.

*Abram P. Staples, Attorney General, M. Ray Doubles, As-*
*sistant Attorney General,* and *Channing M. Hall,* for the
appellees.

Hudgins, J., delivered the opinion of the court.

John Hundley, Jr., while performing his usual duties as janitor of the College of William and Mary, sustained an accidental injury from which he died on July 1, 1942. Alberta Hundley, the wife of the deceased, and Luvinia Hundley, the mother of the deceased, filed separate claims for compensation. The employer acknowledged liability and asked the Industrial Commission to designate the dependent legally entitled to receive the amount of compensation fixed by the Workmen's Compensation Act. The Industrial Commission found that the wife, in 1934, had abandoned the husband voluntarily, and that the mother, as a partial dependent, was entitled to twenty per cent. of the amount prescribed for a total dependent. From that order Alberta Hundley obtained this appeal.

The pertinent section of the Workmen's Compensation Act—sec. 1887 (40)—provides:

"The following persons shall be conclusively presumed to be next of kin wholly dependent for support upon the deceased employee:

"(a) A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident * * * ."

On the issue, whether the wife had abandoned the husband voluntarily, only two witnesses testified, Alberta Hundley herself and Dorothy Schofield, the daughter of claimant and decedent. These witnesses stated that the decedent was cruel to the wife, that some time prior to 1934 the wife had caused a warrant to be issued by the trial justice of York county, charging her husband with non-support; that the trial justice had dismissed the warrant with the admonition to the husband to mend his ways; that the wife was employed by the College of William and Mary, along with her husband; that she spent her earnings in support of herself and child; that one night in 1934, when she started from home, her husband waylaid and "beat" her; that as a result of this beating she was under the doctor's care for three weeks; that this was not the only time he had been cruel

and abusive towards her; that after this beating she left her husband and never returned to him; and that she issued a warrant charging her husband with unprovoked assault and battery but later withdrew it. Immediately thereafter she took her daughter and moved to Richmond, and there supported her until the daughter's marriage in 1937.

This uncontradicted testimony would have entitled the wife to a divorce and alimony if the proper proceedings had been instituted prior to the death of the husband. The circumstances related clearly show that the wife did not abandon her husband voluntarily within the meaning of the statute. Cruelty on the part of the husband, which results in the wife's enforced separation from his bed and board, is tantamount to desertion on his part. See *Denny* v. *Denny*, 118 Va. 79, 86 S. E. 835; *Ringgold* v. *Ringgold*, 128 Va. 485, 104 S. E. 836, 12 A. L. R. 1383.

The order of the Industrial Commission will be set aside and reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*