SALLY JEFFERSON, RESPONDENT, v. INTERSTATE METALS COMPANY, PROSECUTOR.

Submitted January 15, 1946—Decided March 13, 1946.

Before Justices PARKER, BODINE and OLIPHANT.

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead*).

For the respondent, *Perry E. Belfatto*.

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case.

Mrs. Sally Jefferson made claim in the Bureau for compensation by reason of the death of her husband by an accident arising out of and in the course of his employment with the prosecutor of this writ. The petition was dismissed in the Bureau and the action so taken was reversed by the Court of Common Pleas.

The claimant was not a member of the decedent's household at the time of his death, and was not receiving support from him but was supporting herself by work which she performed in the City of New York.

In *Alexander* v. *Cunningham Roofing Co., Inc.,* 124 *N. J. L.* 390, 397; *affirmed,* 125 *Id.* 277, Mr. Justice Perskie, after carefully examining the authorities in this state, stated the rule governing like cases to be: "it follows that although the wife, as here, was no part of her husband's household at the time he suffered the accident and death, she is, nonetheless, entitled, under certain circumstances, as a matter of law to compensation as a total dependent. What are these circumstances? She must prove that the fact that she was no part of her husband's household at the time of the accident or death was not her fault; that she did not consent to or acquiesce in her separation; that she did not assert her complete independence of her husband; and that she asserted her legal dependency upon him. But when the opposite of the stated circumstances is true and the issue is one of partial dependency, then the issue is purely factual.

"We find as a fact that the prosecutrix proved her right as a dependent within the stated requirements. Additionally, the proofs show—we so find—that prosecutrix, in good faith, did her utmost to restore their marital relationship. True she worked; she had no alternative. But by working and helping herself and her husband she did not lose her legal status as a total dependent.

"To hold otherwise would be to lose much that has been slowly but progressively and justly earned for dependents of those who suffer injury or death as the result of an accident arising out of and in the course of their employment. It

would, moreover, tend to capitalize and condone the husband's failure to support his wife even though he be at fault. It would penalize a faithful and helpful wife simply because her husband's conduct made it necessary for her to try to support herself and thus ease her husband's obligation to do so. The legislature intended no such result; and we shall not supply it." See, also, *Koerner v. J. I. Haas Co.,* 126 N. J. L. 193.

The proofs in this case show that the Jeffersons were married on April 29th, 1928; that shortly thereafter the deceased began to drink and beat his wife. He was so brutal that she was obliged to go to a hospital. He chased her with an axe and used anything he could find to beat her. She was forced to leave him to save her life. After he had made promises of reformation she returned. However, he resumed his habits of excessive drinking, beating his wife on many occasions. He once tried to drown her in the bathtub. The evidence shows a continuation of miserable living until she finally left him. When one of her relatives, at her request, reminded him of his obligation to support her he made threats and when he was told of plans to bring a court action he said he could still get his axe.

So we have a case where, on the facts, we can find and do find that the fact that she was not a part of her husband's household at the time of his death was not her fault. It was brought about by his cruel and brutal conduct.

The proofs further show that she did not consent or acquiesce in the separation further than was necessary to preserve her own life, and that she asserted her legal dependency upon him as well as she could and as much as she dared.

The judgment of the Court of Common Pleas will be affirmed, and the writ will be dismissed, with costs.