JACKSON OIL PRODUCTS Co., et al. *v.* CURTIS

No. 41846 May 8, 1961 129 So. 2d 403

*Cox & Dunn, Harmon W. Broom,* Jackson, for appellants.

*Morse & Morse,* Jackson, for appellees.

JONES, J.

This is a workmen's compensation case coming to this Court by way of the Circuit Court of the First Judicial District of Hinds County.

Lee Dove Curtis, while employed by Jackson Oil Products Company, Inc., in the City of Jackson, died on March 21, 1959, as a result of an injury arising out of and in the course of his employment. There was no question regarding compensability of the death, it being admitted that death benefits were and are payable under the Mississippi Workmen's Compensation Act. The sole question before the Commission was as to who was entitled to the compensation.

The sole question on this appeal is whether the widow of the decedent is entitled to compensation or whether she had lost her right to compensation by not living with the decedent and having lived apart from him without justifiable cause for more than three years prior to his

death and by having lived in open adultery with another. Section 6998.02 (14), Miss. Code of 1942, as amended by Ch. 344, Laws of 1956.

The Workmen's Compensation Commission found against the widow and awarded benefits only to certain children and a grandchild. As stated, the only question here is as to the widow.

 █ It is settled that the Commission is the trier of fact. Fair Stores v. Bryant, 238 Miss. 434, 118 So. 2d 295. There was much evidence pro and con and upon conflicting evidence the Commission, as stated, held that the widow was not entitled to compensation.

In the circuit court this order was reversed, the learned circuit judge holding that the widow was entitled to compensation.

 █ There was substantial evidence to sustain the finding of the Commission and the circuit court was in error in reversing the Commission. █ We therefore reverse the case and reinstate the order entered by the Commission.

 █ The attorney for the dependents (save and except the widow) has filed a motion for attorney's fees in the amount of 33⅓ per cent of the amount awarded his clients. This motion is sustained.

The case is remanded to the Commission for further proceedings in accordance herewith.

Reversed and Remanded.

*McGehee, C. J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.