This is a workmen's compensation case.
Following a hearing, the trial court found that the wife was not voluntarily living separate and apart from her husband and that the husband continued to provide support for his wife. Therefore, the trial court found the wife to be wholly dependent upon her husband at the time of his death and entitled to receive death benefits under the workmen's compensation laws.
The employer appeals. We affirm.
The employer contends that the trial court erred in finding that the wife was not voluntarily living separate from her husband — in other words that she should not have been conclusively presumed dependent under the following statute:
 "[T]he following described persons shall be conclusively presumed to be wholly dependent:
 "(1) The wife, unless it is shown that she was voluntarily living apart from her husband at the time of his injury or death, or unless it is shown that the husband was not in any way contributing to her support and had not in any way contributed to her support for more than 12 months next preceding the occurrence of the injury causing his death."
Ala. Code (1975), § 25-5-61(1).
Initially, we note that this case is before this court on certiorari. Ala. Code (1975), § 25-5-81(d). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
Under this narrow standard of review we find that there is evidence to support the trial court's conclusion that the wife was not voluntarily living separate and apart from her husband in that she had good and sufficient reasons for leaving. Therefore, the court's application of § 25-5-61(1) and the applicability of its conclusive presumption of dependency was not error.
The pertinent facts in this case are as follows: The wife was legally married to her husband at the time of his death. However, she testified that, due to his drinking problem and abuse of the children, she was not living with him. The record further reveals that the husband did continue to provide some support for the wife and children during the time that they lived apart. The trial court concluded that the wife's living apart was not voluntary in that she was doing so for good and sufficient reasons.
Under Ala. Code (1975), § 25-5-61(1), the conclusive presumption of dependency will not apply to a wife who is voluntarily living apart from the decedent at the time of his death. We are unable to find any Alabama law holding that a wife living apart and separate from her husband was doing so for good and sufficient reasons. Put another way, we have found no cases allowing a wife separated from her husband to *Page 865 
come within the application of the conclusive presumption of dependency, pursuant to § 25-5-61(1).
The wife will be deemed to be living with the husband unless there has been an actual severance of marital relations so deliberate and complete that it is obvious that the wife no longer looks to the husband for support. 2 A. Larson, The Lawof Workmen's Compensation § 62.41 (1986) (hereinafter cited as Larson). The phrase "living with" has usually been given a constructive meaning going well beyond physical presence under the same roof. Larson, § 62.41. If a wife is living apart from her husband and if this separation is a result of the husband's deserting the wife, she may still be constructively living with him and entitled to benefits. Larson, § 62.43. See generallyGulf States Steel Co. v. Griffin, 214 Ala. 126, 106 So. 898
(1926); Johnson v. Republic Iron Steel Co., 212 Ala. 149,102 So. 44 (1924). Further, if the husband's cruelty justifiably causes the wife to leave him, it will be treated the same way as desertion and will not break the "continuity of living with" the husband. Larson, § 62.43. In re Nelson, 217 Mass. 467,105 N.E. 357 (1914); Martilla v. Quincy Mining Co., 221 Mich. 525,191 N.W. 193 (1923); Jefferson v. Interstate Metals Co.,134 N.J.L. 110, 46 A.2d 146 (1946); Harge v. Leonard Bell Son,12 A.D.2d 568, 206 N.Y.S.2d 613 (1960); Tropp v. Pinkwasser,28 A.D.2d 580, 279 N.Y.S.2d 588 (1967); Hundley v. Hundley,182 Va. 14, 27 S.E.2d 902 (1943); Universal Foundry Co. v.Industrial Commission, 224 Wis. 311, 272 N.W.2d 23 (1937). The cruelty involved does not have to be in the form of a "drunken Saturday night beating" if the wife's departure can be said to be defensible under the circumstances. Larson, § 62.43. Cole v.Bemis Brothers Bag Co., 215 Tenn. 259, 385 S.W.2d 103 (1964). However, if the living apart from the deceased employee is without justifiable cause, the presumption of dependency is broken. Larson, § 62.43. Jackson Oil Products Co. v. Curtis,241 Miss. 188, 129 So.2d 403 (1961).
Here the trial court found that the wife's living apart was not voluntary in that she was doing so for good and sufficient reasons. The evidence supports this finding in that the husband was an alcoholic and a child abuser. The record shows that the husband had a serious drinking problem. Further, the evidence is undisputed that while drinking the husband would physically abuse his children. The wife testified that on one occasion the husband drew a knife on their twelve-year-old son. The question of voluntariness was a question of fact which had to be determined by the trial court. As stated previously, if there is any legal evidence to support the trial court's findings of fact, this court will affirm. Lowe, 491 So.2d 962. We, therefore, find that there was evidence in the record to support the trial court's finding of involuntary separation by the wife.
The employer also contends that, if the separation was involuntary in the beginning, it later became voluntary as the husband received treatment for his alcoholism.
The trial court found that a pattern of living apart was established at a time when there was no other alternative for the wife and her children. The court further found that this pattern continued for a good many years before the husband apparently received any treatment. Although there was testimony that the husband received some treatment, in light of the above we cannot say that the trial court erred in finding that the wife was not voluntarily living apart from her husband at his death.
In addition to the trial court's finding that the wife was not voluntarily living apart from her husband, it also found that the husband was in some way contributing to the wife's support. The evidence clearly supports this latter finding in that the husband regularly contributed money and other items to the wife.
In view of the above, we cannot say that the trial court's action in finding the wife wholly dependent in accordance with § 25-5-61(1) is not supported by the evidence. *Page 866 
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.