COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


PATSY ANNE EAKIN WILLIAMS

MEMORANDUM OPINION* BY
v.      Record No. 0197-03-3          JUDGE ROSEMARIE ANNUNZIATA
                                                     OCTOBER 28, 2003

JAMES MICHAEL WILLIAMS


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Robert P. Doherty, Jr., Judge

Frank W. Rogers, III (Mundy, Rogers & Frith, L.L.P., on brief),
for appellant.

No brief or argument for appellee.


Patsy Anne Eakin Williams (wife) filed a suit for divorce from James Williams (husband)

on the grounds of willful desertion, constructive desertion, and cruelty.  The trial court sustained

the husband's demurrer to the wife's amended bill of complaint.  Wife appeals the decision.

I.  Procedural Background

Wife filed her first bill of complaint seeking a divorce from husband in 2002.  Husband

filed a demurrer to that bill, which the trial court sustained by order dated July 2, 2002.  Wife's

motion for leave to file an amended bill was granted by the same order.  She filed her amended

bill of complaint on July 11, 2002.  Husband filed an answer and cross-bill on July 31, 2002.

At a subsequent hearing, husband orally noted a demurrer to the pleading, which the trial

court indicated it would accept subject to the filing of a written demurrer.  The written demurrer

was not filed until October 29, 2002.  By opinion letter dated November 5, 2002, the trial court

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sustained the demurrer and entered an order to that effect on December 23, 2002. This appeal followed. Finding no error, we affirm.

## II. Standard of Review

A demurrer tests the legal sufficiency of a bill of complaint. Thompson v. Skate America, 261 Va. 121, 128, 540 S.E.2d 123, 126 (2001).

> While a demurrer does not admit the correctness of the pleading's conclusions of law, it "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred." Thus, the sole question to be decided by the trial court is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. In this context, a plaintiff challenging on appeal the sustaining of a defendant's demurrer by the trial court need only show that the trial court erred in finding that the pleading failed to state a cause of action, and not that the plaintiff would have prevailed on the merits of that cause.

Id. at 128, 540 S.E.2d at 126-27 (citations omitted) (quoting Cox Cable Hampton Roads, Inc. v. City of Norfolk, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

The appellate court thus accepts all allegations in the bill of complaint as true, as well as all reasonable inferences that flow from them. Ward's Equipment, Inc. v. New Holland N. America, Inc., 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). If the allegations sufficiently state a cause of action cognizable in Virginia, the suit should be allowed to proceed.

## III. Facts

The record establishes that wife filed an amended bill of complaint seeking a divorce from bed and board on the grounds of willful desertion, constructive desertion, and cruelty. In support of her amended bill of complaint, wife alleged that: 1) husband cursed her repeatedly; 2) husband chose to spend evenings with his friends rather than with her; 3) husband was seen on February 1, 2001 at Cheers, a local bar, drinking and dancing with an unknown female; 4) husband was seen fondling and kissing this female and mouthing the words "I love you" to her;

5) "within the last several weeks [of the filing of the bill of complaint on July 11, 2002]," husband moved out of the marital bedroom and began sleeping in the basement; 6) husband reestablished himself in the marital bed on July 7, 2002 and refused to leave, and husband told wife "he could do whatever he wanted in his house"; 7) husband's statement that "he could do whatever he wanted" made wife fear for her safety and has caused her much stress, emotional pain, and difficulty sleeping; 8) wife consequently sought the attention of a health care provider; and 9) both wife and husband have advised their children, family, and friends that they are getting a divorce.

## IV. Analysis

### A. Wife Failed to State a Cause of Action for a Divorce from Bed and Board on the Ground of Cruelty

Code § 20-95 authorizes a decree of divorce from bed and board for "cruelty, reasonable apprehension of bodily hurt, willful desertion or abandonment." "In reality, there are only two grounds for a divorce [from bed and board]—desertion and cruelty—because cruelty and reasonable apprehension of bodily hurt are so closely related in the matter of proof and effect." Haskins v. Haskins, 185 Va. 1001, 1007, 41 S.E.2d 25, 28 (1947).

The general rule, expressed long ago, is that "the cruelty that authorizes a divorce is anything that tends to bodily harm and thus renders cohabitation unsafe." Latham v. Latham, 71 Va. (30 Gratt.) 307, 320-21 (1878). Furthermore, a single act of *physical* abuse will not constitute cruelty unless "it is so severe and atrocious as to endanger life" or is likely to be repeated in the future. DeMott v. DeMott, 198 Va. 22, 28, 92 S.E.2d 342, 346 (1956); accord Davis v. Davis, 8 Va. App. 12, 15, 377 S.E.2d 640, 642 (1989).

Latham also stated, however, that severe mental cruelty, accompanied by malice or actual menace, may be sufficient under the statute.

> [T]here may be cases in which the husband, without violence, actual or threatened, may render the marriage state impossible to be endured. There may be angry words, coarse and abusive language, humiliating insults, and annoyances in all the forms that malice can suggest, which may as effectually endanger life or health as personal violence, and which, therefore, would afford grounds for relief by the court.

Latham, 71 Va. (30 Gratt.) at 321. Subsequent decisions have interpreted this language as an exception to the general rule that physical cruelty tending to bodily harm must be established.

> The authorities generally, including those in our own State, wisely allow for exceptional cases in which there may be extreme cruelty without the slightest violence. Mental anguish, repeated and unrelenting neglect and humiliation, may be as bad as physical wounds and bruises, and may be visited upon an unoffending spouse in such degree as to amount to cruelty even in the very strict sense in which that term ought always to be used in the law of divorce.

Ringgold v. Ringgold, 128 Va. 485, 487, 104 S.E. 836, 840 (1920). The exception to the general rule also must be understood and applied in light of Virginia's unwillingness to grant a fault-based divorce for light or transient transgressions against the marital relationship. See, e.g., Coe v. Coe, 225 Va. 616, 619, 303 S.E.2d 923, 925 (1983) ("A fault divorce cannot be granted merely because a husband and wife are unable to live together in peace and harmony."); Latham, 71 Va. (30 Gratt.) at 321 ("what merely wounds the feelings without being accompanied by bodily injury . . . [such as] rudeness of language, want of civil attention . . ., or even occasional sallies of passion that do not threaten harm, although they be high offenses against morality in the married state, does not amount to legal cruelty").

Accepting wife's allegations as true, we find they do not rise to the level necessary to maintain a suit for divorce on cruelty grounds. She has not alleged physical cruelty, and she has not alleged anything that tends to bodily harm. She alleged a general fear for her safety, but nothing more.

- 4 -

Her allegations that husband cursed her, chose to spend some nights with his friends rather than with her, and told her that "he could do whatever he wanted" in his house, show no more than mere profane language, rudeness, inattentiveness, and a dictatorial manner. The conduct alleged does not evince the repeated verbal abuse, humiliation, and unrelenting neglect necessary to sustain a charge of cruelty. See Ringgold, 128 Va. at 497, 104 S.E. at 840; cf. Baytop v. Baytop, 199 Va. 388, 392, 100 S.E.2d 14, 18 (1957) (finding mental cruelty where husband fathered an illegitimate child while married, mentally abused his wife for a "long period of time," and "detrimentally effected [sic] [his wife's] health and nervous system); Sollie v. Sollie, 202 Va. 855, 857-59, 120 S.E.2d 281, 282-84 (1961) (finding mental cruelty where husband physically abused his wife on numerous occasions).

Here, wife's alleged facts show only that she and her husband could not live together happily. "'The law,'" however, "'does not permit courts to sever marriage bonds and to break up households merely because husband and wife, through unruly tempers, lack of patience and uncongenial natures, live unhappily together.'" Upchurch v. Upchurch, 194 Va. 990, 1000, 76 S.E.2d 170, 176 (1953) (quoting Butler v. Butler, 145 Va. 85, 88, 133 S.E. 756, 757 (1926)). Wife has thus failed to allege sufficient facts to sustain a suit for divorce on the ground of cruelty.

### B. Wife Failed to State a Cause of Action for a Divorce from Bed and Board on the Ground of Willful Desertion

Willful desertion is a ground for divorce from bed and board in Virginia. Code § 20-95. Willful desertion consists of the breaking off of marital cohabitation and an intent to desert in the mind of the offender. Petachenko v. Petachenko, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986). Moreover, desertion cannot occur unless "one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse." Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993). Willful desertion

also has been found to exist when an unjustified withdrawal of the privilege of sexual intercourse is coupled with the willful breach and neglect of other marital duties, rendering "'the marriage state well neigh intolerable, and impossible to be endured.'" Jamison v. Jamison, 3 Va. App. 644, 647, 352 S.E.2d 719, 721 (1987) (quoting Chandler v. Chandler, 132 Va. 418, 430-31, 112 S.E. 856, 860-61 (1922)).

Accepting all of wife's allegations as true, we find that she has failed to state a case of willful desertion. She pled that the parties no longer cohabit together. She failed to plead facts, however, that establish her husband had the requisite intent to desert. On the contrary, the facts she presented support the conclusion that her husband did not intend to desert. She alleged that on July 7, 2002, he tried to reestablish himself in the marital bed. She also stated in her amended bill of complaint that "[t]he parties have . . . advised their children, family and friends that they are getting a divorce," an allegation which shows that the decision to divorce was mutual. See Barnes, 16 Va. App. at 101, 428 S.E.2d at 297 (affirming trial court's ruling that no desertion occurred where "[t]he facts establish[ed] that both parties had 'accepted that the marriage had ended, that both intended to separate at some time in the future, and that the husband acquiesced in the separation'").

Assuming, without deciding, that it is reasonable to infer from wife's pleading that sexual intercourse has been withdrawn, she nonetheless failed to plead that her husband abandoned any other marital duty. Wife, therefore, has not alleged sufficient facts to support her pleading for a divorce on the ground of willful desertion. Cf. Jamison, 3 Va. App. at 648, 352 S.E.2d at 721-22 (finding desertion where unjustified withdrawal of sexual intercourse was coupled with the breach of other significant marital duties).

## C. Wife Failed to State a Cause of Action for a Divorce from Bed and Board on the Ground of Constructive Desertion

Constructive desertion may be established by cruelty on the part of one spouse that justifies the other spouse's decision to discontinue marital cohabitation. See Hoffecker v. Hoffecker, 200 Va. 119, 125-26, 104 S.E.2d 771, 776 (1958); Hundley v. Hundley, 182 Va. 14, 16, 27 S.E.2d 902, 902 (1943); Elder v. Elder, 139 Va. 19, 26, 123 S.E. 369, 371 (1924); Zinkhan v. Zinkhan, 2 Va. App. 200, 208, 342 S.E.2d 658, 662 (1986). In other words, constructive desertion, unlike willful desertion, requires that the abandoning spouse have some justification in leaving the marital relationship. A spouse is justified in doing so if the other spouse's conduct amounts to cruelty. See id.

Wife's claim of constructive desertion dissipates without evidence of cruelty. As discussed above, she did not plead facts sufficient to support a claim of cruelty. Accordingly, she cannot argue constructive desertion based on husband's cruelty towards her.

Furthermore, wife's reliance in her opening brief on husband's intent to desert as support for her claim of constructive desertion is misplaced. She misapprehends the nature of constructive desertion. Contrary to her assertions, constructive desertion cannot, by force of logic, require an intent to desert in the mind of the offender. The intent to desert is actually held by the *offended* spouse.

For the reasons stated, we affirm the decision of the trial court sustaining husband's demurrer.

Affirmed.