PITTMAN, Judge.
Gayle Odom Johnson (“the widow”) appeals from a judgment entered by the Escambia Circuit Court on claims brought by the widow and her son, James Beamon Johnson (“the son”), against Huxford Pole & Timber Co., Inc. (“the employer”), to the extent that that judgment determined the widow not to have been a dependent of James Benjamin Johnson (“the employee”) for purposes of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975, at the time of the employee’s work-related death. The employer cross-appeals from that aspect of the judgment declaring that the employer is not entitled to a credit against its Lability to the son under the Act based upon the son’s receipt of a $3,000 payment from proceeds of a tort action brought against a third party. *1135 We affirm as to the appeal, but we reverse as to the cross-appeal.
In February 2003, Casey Michelle Thompson, the personal representative of the employee’s estate, sued the employer in the Escambia Circuit Court, alleging that on or about January 21, 2002, the employee had asphyxiated because the room in which he had been working had been inundated with wood chips that had been used as fuel for a boiler at the employer’s plant. After the employer objected to the standing of the personal representative to bring a claim seeking survivors’ benefits under the Act, the widow and the son were added as plaintiffs and the personal representative was dismissed as a party. After an ore tenus proceeding, the trial court entered a judgment determining the widow not to have been a “dependent” of the employee within the scope of Ala.Code 1975, § 25-5-60 et seq., so as to be entitled to death benefits under the Act; determining the son to have been a dependent until his 18th birthday and awarding him death benefits in the amount of $35,355.24; and concluding that the employer was not entitled to a credit or offset of its liability to the son based upon the son’s receipt of a $3,000 payment as a result of a wrongful-death claim asserted by the personal representative in a separate action against a third party. The widow appealed and the employer cross-appealed from the trial court’s judgment.
Under the Act, our review of the standard of proof and our consideration of other legal issues in a workers’ compensation case are without a presumption of correctness. Ala.Code 1975, § 25-5-81(e)(1). In contrast, when we review a trial court’s findings of fact, we will not reverse a judgment based upon those findings if those findings are supported by “substantial evidence,” see § 25-5-81 (e)(2), a term interpreted “to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).
We first consider the widow’s appeal, in which she takes issue with the trial court’s determination that the widow “does not qualify as a dependent of the [employee] under the applicable provisions of the ... Act.” The Act provides for two classes of dependents entitled to compensation when an employee’s death proximately results from an accident within three years of the occurrence of the accident: total dependents and partial dependents. Under Ala.Code 1975, § 25-5-62, “[a] wife [or] child ... who was wholly supported by the deceased [employee] at the time of [the employee’s] death and for a reasonable period of time immediately prior thereto shall be considered [to be a] total depen-dente ].” In contrast, under Ala.Code 1975, § 25-5-64, “[a]ny member of a class named in [§ ]25 — 5—62 who regularly derived part of his [or her] support from the earnings of the deceased [employee] at the time of [the employee’s] death and for a reasonable period of time immediately pri- or thereto shall be considered [a] partial dependent.” Under the trial court’s view of the evidence, the widow did not qualify as either a total dependent or a partial dependent under the Act.
Under the Act, a death-benefit claimant’s total dependency can be established not only under Ala.Code 1975, § 25-5-62, but also through the “conclusive presumption” provisions of Ala.Code 1975, § 25-5-61. Section 25-5-61 provides, in pertinent part, that an employee’s wife will be conclusively presumed to have been wholly *1136 dependent unless one of two conditions applies: (1) the wife was “voluntarily living apart from [the employee] at the time of his injury or death,” or (2) the employee “was not in any way contributing to [the wife’s] support and had not in any way contributed to her support for more than 12 months next preceding the occurrence of the injury causing his death.” Ala.Code 1975, § 25-5-61(1). In this case, the trial court found the first condition to have been satisfied, stating in its judgment that the widow had been voluntarily living apart from the employee at the time of his death, a determination that the widow has disputed on appeal. As we noted in Robinson Foundry, Inc. v. Moon, 503 So.2d 863, 865 (Ala.Civ.App.1987), “[t]he question of voluntariness [is] a question of fact which ha[s] to be determined by the trial court”; as we have noted, under § 25-5-81(e)(2), we will not reverse a judgment based upon such findings of fact if those findings are supported by “substantial evidence.”
At trial, the widow testified that she and the employee were married in 1983 and that they remained married at the time of the employee’s death; however, she added that the two of them had separated in 1997. On cross-examination by the employer’s attorney, the widow admitted that she had made the decision to leave; that although the employee had often drunk alcohol, he had not been verbally or physically abusive to the widow or their two children; that she had had no desire to reunite or reconcile with the employee and had wanted to obtain a divorce from the employee; that she had described herself in her deposition as having been divorced; and that she had filed her own income-tax returns as “head of household” rather than as a married person. Although the son testified that he had, on occasion, seen the employee intoxicated, he denied that the employee became drank on most nights; the daughter of the widow and the employee testified that she had never seen the employee intoxicated.
The widow asserts in her brief on appeal, and restates in her reply brief, that the employee was an alcoholic and that the employee’s “excessive drinking” was her motivation for leaving the employee. She relies heavily upon Moon, supra, as support for her argument that she was not “voluntarily living apart” from the employee. In Moon, after noting that a wife will be deemed to have remained with the deceased employee in situations in which the employee’s “cruelty justifiably causes the wife to leave him,” we held that a trial court had not erred in concluding that a deceased employee’s wife was not “voluntarily living apart” from that employee in light of evidence indicating that that employee had been an alcoholic and had physically abused his children, including drawing a knife on one of his minor children. 503 So.2d at 865. In contrast, in this case, there is absolutely no evidence of any cruelty on the part of the employee towards the widow or his children, nor does it follow from mere evidence of frequent alcohol consumption that the employee was so addicted to alcohol that the widow’s departure from the marital home would necessarily have been justifiable in the absence of such cruelty. Further, we note that although the widow admitted that she had left the employee, she did not testify that his drinking habits were the reason for her departure, and the testimony of the employee’s children was in conflict concerning whether the employee actually drank to the point of intoxication. We thus conclude that substantial evidence supports the trial court’s conclusion that the widow was “voluntarily living apart” from the employee at the time of his death so as to negate the conclusive presumption of dependency embodied in § 25-5-61(1) *1137 under the first condition specified in that section.
However, it remains to be considered whether the widow, despite her separation from the employee, was nonetheless a total dependent or partial dependent under the “actual dependency” provisions set forth in §§ 25-5-62 and 25-5-64. See Ex parte Cline, 218 Ala. 599, 600, 105 So. 686, 687-88 (“In all cases not covered by [§ 7552, Ala.Code 1923, now § 25-5-61, Ala.Code 1975,] the burden is left on the claimant to show actual dependency.”). As to that issue, the trial court determined that the widow “did not regularly derive part of her support from the ... employee” so as to entitle her to benefits under the Act based upon total or partial dependency. Because the question of dependency in cases in which the conclusive presumption provisions of § 25-5-61 do not apply is one of fact for the trial court, see Royster & Haardt v. Morgan, 245 Ala. 496, 498, 17 So.2d 582, 583 (1944), the sole task for this court is to determine whether the trial court’s determination is supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2).
At trial, the widow testified that she had received cash from the employee during their separation, although she admitted on cross-examination that she did not know how much cash she had received. During her. counsel’s redirect examination, the widow testified that, based upon her pretrial review of her banking records for the four-year period following her separation from the employee, certain deposits aggregating $3,597.92 that she could not identify as being her own wages had actually consisted of moneys that had been given to her by the employee.[1] The trial court overruled the employer’s objection predicated on the speculative nature of that evidence, ruling that the objection went to the weight of that evidence and not its admissibility, but the court simultaneously opined that “weight-wise, it’s pretty light.” The employee’s daughter testified that the employee had given the widow money “whenever she needed it,” and the son testified that the employee had routinely given the widow cash to “buy stuff that we needed and she needed”; the trial court sustained objections to other testimony offered by the widow on the support issue.
In contrast, it was demonstrated at trial that the widow had been employed by an Indian tribal council since 1994 as a human-resources assistant and later as a media specialist, that the widow’s biweekly gross wages had increased from $736 to $1,004 between June 1999 and the date of the employee’s death, and that she had purchased a manufactured home in 1998 without any financial involvement on the part of the employee. Moreover, and of particular import to our review, the employer presented testimony from a former insurance investigator who stated that on February 10, 2002, in the course of his investigation into the circumstances of the employee’s death, the widow had admitted to him that she and the employee had been separated for four years and that she “did not receive any support from him.” After the parties had completed the presentation of evidence, the trial court remarked on the record that it deemed the former investigator’s testimony “pretty convincing” and that it believed that the former investigator “would be less prone to be biased than would the widow and [the employee’s] children” because, it stated, unlike the widow and the son, the former investigator *1138 would not have “anything to gain from the outcome of this case.”
In this case, the trial court was presented with substantial evidence that supports its determination that the widow did not receive support from the employee, much less “contributions ... made with such regularity that the claimant [could] reasonably predict the income” so as to warrant a conclusion that the employee regularly supported the widow. 2 Terry A. Moore, Alabama Workers’ Compensation § 18:30 (West 1998). Although there was evidence that might have supported a contrary conclusion, this court, in reviewing a workers’ compensation judgment under § 25-5-81, “is prohibited from reweighing the evidence, i.e., it is not to consider whether in its opinion the ‘substantial evidence’ before the trial court might' have caused the appellate court — if it had been the fact-finder — to find the facts to be different from what the trial court found them to be.” Ex parte Staggs, 825 So.2d 820, 822 (Ala. 2001). Based upon the evidence and authorities we have set forth, we conclude that the judgment of the trial court is due to be affirmed insofar as it denies recovery to the widow.
We now turn to the employer’s cross-appeal, which concerns the right, if any, the employer has to reimbursement from $3,000 in proceeds that were paid to the son as a consequence of a mediated settlement of an action that had been brought by the personal representative of the employee’s estate against Bonner Safety Service, Inc.; Billy Ridgeway; and Mack Beech — third parties who were allegedly responsible for the employee’s death.
In pertinent part, Ala.Code 1975, § 25-5-11, provides:
“(a) If the injury or death for which compensation is payable under [the Act] was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter ... and at the same time, may bring an action against the other party to recover damages for the injury or death .... If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. ... To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death....
[[Image here]]
“(d) In the event the injured employee, or his or her dependents, in case of death, do not file a civil action against the other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury or death.... If the injured employee has no dependent, the personal representative, in the event of death, may bring a civil action against the other party to recover damages without regard to this chapter.”
(Emphasis added.) It is clear from a reading of § 25-5-11 that when an employee leaves surviving dependents, those dependents, rather than the personal representative of the employee’s estate, are the proper parties authorized to bring an action in tort against third parties who are *1139 alleged to have wrongfully caused the death of the employee. See Braxton v. Dixie Elec. Coop., Inc., 409 So.2d 822, 823 (Ala.1982) (under § 25-5-11, if a deceased employee has dependents, any wrongful-death action against a negligent third party must be brought by those dependents).
In this instance, however, the third parties sued by the personal representative as a result of the employee’s death elected to settle the claim by paying the sum of $35,000 rather than litigating the issue of the personal representative’s standing. Nevertheless, we are not deterred by the fact that the third parties were sued by, and paid damages to, the personal representative as an agent of the employee’s dependent and nondependent heirs: a fair reading of the credit and reimbursement provisions of § 25-5-ll(a) leads directly to the conclusion that the employer’s right to a credit with respect to “the amount of the damages recovered and collected” by the son is not affected by the intermediation of the personal representative in securing those damages on behalf of the son. As a leading treatise on the Act notes:
“In death cases, the third party statute vests the employer or insurer with a right to credit its liability for compensation to the dependents by the amount of any third party recovery paid to the dependents. In several cases, a dependent has attempted to circumvent the statute by bringing the third party action in the capacity as the personal representative of the estate of the deceased employee or by authorizing or allowing the personal representative to bring the action. Since the employer or carrier made the payment to the dependents, the personal representative argues that the statute provides no right to reimbursement from the proceeds of his or her civil action. The courts have not been persuaded by this argument. Although a ease may be cast in the form of a claim of the estate against a tortfeasor, if the action is based on the death of an employee for which compensation has been paid, the action will be treated as one under the third party statute out of which the payer of compensation shall be entitled to receive reimbursement. Since the personal representative of the estate of a deceased employee who has left dependents has no right to bring a third party action, the courts usually ... consider any payments made to the personal representative to be payments recovered by the dependents.”
2 Moore, Alabama Workers’ Compensation § 21:74 (footnotes omitted); accord Northeast Utils., Inc. v. Pittman Trucking Co., 595 So.2d 1351, 1354 (Ala.1992) (“employers are entitled to be reimbursed out of any judgment recovered by the employee or his personal representative in an action against the third-party tort-feasor” (emphasis added)),[2] and Millers Mut. Ins. Ass’n v. Young, 601 So.2d 962, 965 (Ala.1992) (plurality opinion).
We conclude that the trial court erred in concluding that the $3,000 that the son received as a consequence of the third-party tort action brought by the personal representative was outside the scope of the credit and reimbursement provisions of § 25-5-ll(a), Ala.Code 1975. As to that aspect of the judgment, we reverse, and we remand the cause for further proceedings. In that regard, however, we note that § 25-5-ll(e), Ala.Code 1975, provides:
*1140 In a settlement made under this section with a third party by the employee or, in case of death, by his or her dependents, the employer shall be hable for that part of the attorney’s fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer’s liability to pay compensation bears to the total recovery had from the third party.”
Thus, on remand, the trial court may be called upon to offset against the employer’s credit the amount of the employer’s pro rata share of attorney’s fees and expenses. See, e.g., Miller & Miller Constr. Co. v. Madewell, 878 So.2d 1171, 1179 (Ala. Civ.App.2003), and Fitch v. Insurance Co. of N. Am., 408 So.2d 1017, 1019 (Ala.Civ. App.1981).
APPEAL—AFFIRMED.
CROSS-APPEAL—REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN, J., concurs in the result, without writing.
MOORE, J., recuses himself.

. On recross-examination, the widow admitted that at the time of her pretrial deposition, she had "no idea” how much money she had received from the employee following the separation.

. Although only three members of the Alabama Supreme Court , concurred in the entirety of the main opinion in Northeast Utilities, Justice Houston, in a special writing joined by Justice Shores, indicated agreement with the pertinent portion of that opinion. 595 So.2d at 1355.