■ In the Matter of the Claim of SOPHIE ETTLINGER, Respondent, v. STATE INSURANCE FUND, Appellant, and OXFORD PAPER COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an insurance carrier from a decision of the Workmen's Compensation Board which imposed an award upon respondent employer Office Temporaries and relieved respondent Oxford Paper Company. Respondent Office Temporaries argues in support of the decision which its carrier contests. Office Temporaries is in the business of furnishing temporary workers to businesses. It pays all wages, making all tax, disability, unemployment and social security deductions and provides workmen's compensation insurance as well as certain voluntary benefits. The customer agrees not to appropriate to his own employment persons thus furnished. The employee furnishes time sheets to Office Temporaries which bills the customer weekly. Office Temporaries has the right to discharge, to transfer and otherwise to control the persons furnished. Respondent Oxford Paper Company had about 95 employees of its own but sometimes obtained temporary workers from Office Temporaries who furnished claimant for temporary work as a secretary for about two days per week. Claimant had previously been assigned by Office Temporaries to some 50 other customers. Claimant was injured while at work on Oxford Paper Company's premises. The case is directly in point with *Matter of Meyer* v. *Tops Temporary Personnel* (286 App. Div. 1048). Decision and award unanimously affirmed, with one bill of costs to respondents filing briefs.

■ In the Matter of the Claim of WILETHA HARGE, Respondent, v. LEONARD BELL & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from decision of the Workmen's Compensation Board which found claimant to be widow of deceased employee. The marriage between the claimant and decedent took place in 1952 and the parties lived together until January, 1958, when the claimant separated from her husband because he would get drunk almost every weekend and come home and beat her. There was no decree or agreement as to the separation and albeit the decedent had sought a reconciliation, the claimant had refused to return and live with him. At the time of the compensation hearing the claimant was pregnant as the result of illicit relations with another man which had occurred during the lifetime of her husband. The board determined claimant had not abandoned her husband within the meaning of subdivision 1-a of section 16 of the law but found she was justified in separating from him. The pertinent part of the above section reads as follows: " the term surviving wife shall be deemed to mean the legal wife of the deceased but shall not include a wife who has abandoned the deceased, and (3) the term abandoned shall be deemed to mean such an abandonment as would be sufficient under section eleven hundred sixty-one of the civil practice act to sustain a judgment of separation on that ground." The board has factually determined that there was justification for the claimant leaving decedent and although it appears she did not intend to return to him, that there was no abandonment. The acceptance or rejection of this testimony goes to the credibility of the witness, which determination is solely within the province of the board. Whether there was an abandonment under the facts was likewise a question for the board and with its factual determination we will not interfere. It should be noted the appellants offered no evidence as to any of the factual issues. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.