■ In the Matter of STANLEY CHERO, Appellant, v. BOARD OF PAROLE OF THE STATE OF NEW YORK, Respondent.— Order affirmed, without costs. No opinion. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.

■ In the Matter of the Claim of MANDISTINE WHITSELL, Respondent, v. ACADEMY AUTO SALES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The appellants, employer and carrier, do not dispute the finding of the board that the claimant is decedent's widow; or that there is sufficient evidence to find she is his widow. Her claim was not filed until May 4, 1960, more than two years after the death on September 15, 1957. The essential question in the case is whether the claim filed within the two-year period by the decedent's niece, who was not a dependent, is sufficient to protect the award to the widow. The claim filed by the niece November 11, 1957 was entitled " Claim for Compensation in Death Case " and followed the general language of the form as a " claim " under the statute " for compensation arising out of the death " of decedent. Certain " information " was submitted in support of the claim, including the information that decedent was not survived by a widow. Neither the inaccuracy of information " furnished " nor the fact the widow herself did not file this claim, defeats its effect as a valid death claim. The statute does not require any particular person to file the claim. The bar of section 28 applies unless " a claim " has been filed with the chairman. Moreover, the carrier and employer were not misled. In a report by the employer to the board on August 1, 1957, immediately after the accident, the question of " Marital status " was answered " Yes "; and on January 27, 1958, three months after the claim signed by the niece was filed, the carrier reported to the board that " payment " of compensation " has not begun " because " Death case awaiting information (if any) or dependency proofs " and because of " Identification — formal proof ". Thus, as the board held, the claim filed November 11, 1957 is sufficient. The additional ground found by the board that the payment of funeral expenses was an advance payment of compensation is not reached and not necessary to decision. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.