◼ In the Matter of the Claim of DOROTHEA JOHNSON, Respondent, v. BIRDS EYE FROZEN FOODS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision which awarded death benefits, the sole issue arising upon appellants' contention that the claimant widow abandoned decedent within the meaning of the provisions of subdivision 1-a of section 16 of the Workmen's Compensation Law, in pertinent part providing: "For the purpose of this section * * * (2) the term surviving wife shall be deemed to mean the legal wife of the deceased but shall not include a wife who has abandoned the deceased, and (3) the term abandoned shall be deemed to mean such an abandonment as would be sufficient under section two hundred of the domestic relations law to sustain a judgment of separation on that ground." It is clear beyond dispute that decedent permanently abandoned claimant in 1947 and that some time thereafter she went to live with another man in an illicit relationship that continued for five years and terminated prior to decedent's death in 1962. Upon the record, the board was warranted in finding no abandonment by claimant, such as would have entitled decedent to "a judgment of separation on that ground", as provided in subdivision 1-a, above quoted. "To justify a judgment for abandonment, it must be found that the departure was voluntary, unjustified and without the consent of the other. None of these are here present." (*Matter of Tropp* v. *Pinkwasser*, 28 A D 2d 580; *Matter of Lapenna*, 16 A D 2d 655, 656, app. dsmd. 12 N Y 2d 671.) Appellants urge, however, that we apply in this case the rule of the Federal cases under the Federal Longshoremen's and Harbor Workers' Compensation Act which requires in effect that, to be eligible for benefits under that act, a wife who has been abandoned "must continue to live as the deserted wife" of the employee until his death and will be deprived of benefits by her "conscious choice to terminate her prior conjugal relationship by embarking upon another permanent relationship" (*Thompson* v. *Lawson*, 347 U. S. 334, 337; *Liberty Mut. Ins. Co.* v. *Donovan*, 218 F. 2d 860); but the definition under that act (U. S. Code, tit. 33, § 902, subd. [16]) differs materially from that with which we are here concerned and which makes the cited provisions of our Domestic Relations Law the controlling test. In *Matter of Harge* v. *Bell & Son* (12 A D 2d 568, mot. for lv. to app. den. 9 N Y 2d 609), as appears from the case and briefs on appeal in our court, the carrier urged upon us, as appellants do here, the application of the Federal rule, citing *Liberty Mutual* (*supra*); but we affirmed the award, which was predicated upon the board's factual determination that the claimant wife had justification for leaving her husband, with no intention to return, and hence that there was no abandonment, and that the wife's subsequent illicit relationship with another man was irrelevant to that issue and did not become the equivalent of, or give rise to an abandonment on her part. The result in *Harge* mandates affirmance here.

Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Gibson, P. J.