In the Matter of the Claim of JEAN SCHMIDT, Respondent, v DERIDDER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 8, 1975

*Walworth, Harding & Welt (Patrick J. Malone* of counsel), for appellant.

*Lo Monaco & Lo Monaco* for Jean Schmidt, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

KANE, J. Claimant and her husband executed a separation

agreement in 1959 and lived apart thereafter. He received a compensation award in 1972 for a work-related arm injury, but died of unrelated causes in 1973 at a time when his schedule award had not yet expired. The board has directed payment of such remaining benefits to claimant pursuant to paragraph a of subdivision 4 of section 15 of the Workmen's Compensation Law. The employer and its carrier now appeal asserting that claimant released whatever rights she may have had to benefits payable to her husband when she executed the foregoing agreement of separation and that, in any event, her abandonment of him precluded her from qualifying as a "surviving wife" within the intendment of the pertinent statute. Both of these contentions are without merit.

Compensation or benefits due under the Workmen's Compensation Law may be released only in accordance therewith (Workmen's Compensation Law, § 33). The remaining schedule award here involved is "due" a surviving wife by the requirement and command of statute (Workmen's Compensation Law, § 15, subd 4, par a; cf. *Surace v Danna,* 248 NY 18, 21). Consequently, if claimant was the surviving wife of decedent, the prior separation agreement will not, of itself, bar her recovery.

Although section 15 of the Workmen's Compensation Law contains no definition of a "surviving wife", section 16 of that law dealing with death benefits was amended in 1955 to provide, for the purpose of that section, that a surviving wife would not thereafter include one who had abandoned her husband under circumstances sufficient to sustain a judgment of separation on that ground (L 1955, ch 510). However, the Legislature did not apparently see fit to extend that restrictive proviso to the schedule award section with which we are presently concerned (Workmen's Compensation Law, § 15, subd 4, par a). Furthermore, even if abandonment could be thought to affect this claimant's status as a surviving wife, the present record makes it clear that the board could not have found circumstances sufficient to support an abandonment theory since her departure was obviously consensual (cf. *Matter of Johnson v Birds Eye Frozen Foods,* 32 AD2d 585).

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.