■ In the Matter of the Claim of Evodkia L. Brezickyj, Respondent, v Eastern Railroad Builders, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 22, 1976, which affirmed prior determinations that the claim was timely filed and that claimant is a surviving wife of the decedent. Claimant, Evodkia Brezickyj, married the deceased employee Nykola Brezickyj in the Union of Soviet Socialistic Republics in 1938. They were separated in 1944 when Nykola was conscripted and taken to Germany by the retreating German Army. They never again saw one another. Nykola ultimately made his way to the United States where he found work until his death in 1964. Evodkia remained in the Union of Soviet Socialistic Republics and between 1960 and 1964 had two children by one Gaurisko Mikhailovich. On these facts it must be concluded that the original separation was involuntary on both parts and was but one of the many tragic consequences of World War II. To be eligible for death benefits under the Workmen's Compensation Law, the claimant must be a surviving wife who has not abandoned her husband. Abandonment, for this purpose, has been defined as "an abandonment as would be sufficient under section two hundred of the domestic relations law to sustain a judgment of separation on that ground" (Workmen's Compensation Law, § 16, subd 1-a). Therefore, the original separation does not meet the classic definition of abandonment which contemplates a voluntary separation by· one party from the other without

justification with the intention of not returning *(Diemer v Diemer,* 8 NY2d 206). The separation, even if it began by compulsion, continued to subsist by apparent mutual consent. Faced with the grim realities of life and the "cold war" between the Communist and Western countries, the claimant and the decedent each began a new life. He sought and found gainful employment and sought and obtained permanent residence in this country. There is no evidence in this record that the decedent ever provided any monetary or other sustenance to the claimant, although she claimed to have received some letters from him which she lost. She, on the other hand, began a new life with another man by whom she had several children. Their separation, countenanced and recognized by both, lapsed into an ignored marital status. Realistically, we must conclude that the parties created a mutual abandonment even though it was not voluntary in its inception. The board, in applying the very literal definition of abandonment, found that claimant was a surviving wife and therefore was entitled to the death benefits. The Workmen's Compensation Law is social legislation designed to secure to workers and their dependents compensation when they are injured or killed in the course of their employment, without regard to fault. Although it is true that a surviving wife need not prove her actual dependency, it can hardly be said under the facts of this case that the claimant was a dependent in any sense of the word. To find the claimant herein eligible for death benefits is to provide support for her, which decedent had not done for over 20 years. We find that the claim filed with the board by the administrator of the decedent's estate was sufficient to preserve the claimant's rights *(Matter of Whitsel v Academy Auto Sales,* 16 AD2d 846). However, in view of our finding that there was a mutual abandonment, after an original involuntary separation, the claimant is not eligible for death benefits (Workmen's Compensation Law, § 16, subd 1-a). Decision reversed, with costs to the employer and its insurance carrier against the Workmen's Compensation Board, and claim dismissed. Main, Larkin and Herlihy, JJ., concur; Greenblott, J. P., and Mahoney, J., dissent and vote to affirm in the following memorandum by Mahoney, J. Mahoney, J. (dissenting). The employer and its insurance carrier argue that by living with Mikhailovich as her husband, the claimant abandoned the decedent within the meaning of abandonment as defined by subdivision 1-a of section 16 of the Workmen's Compensation Law. Certainly, the claimant was no more responsible for the separation than was decedent, and it is settled that the mere participation in a sustained adulterous relationship does not, in itself, constitute abandonment within the meaning of subdivision 1-a *(Matter of Johnson v Birds Eye Frozen Foods,* 32 AD2d 585 [wife lived with another man for five years before decedent's death]; *Matter of Harge v Bell & Son,* 12 AD2d 568 [wife pregnant by another man at decedent's death]). Moreover, this court, in *Matter of Johnson* and *Matter of Harge,* specifically stated that after a separation for which she is blameless, a wife does not forfeit her right to benefits by a " 'conscious choice to terminate her prior conjugal relationship by embarking upon another permanent relationship' " [citations omitted] *(Matter of Johnson v Birds Eye Frozen Foods, supra,* p 585). The majority suggests that claimant "countenanced" the separation. Nothing in the record supports this view, and in fact the record indicates that the husband and wife were forced to remain separated. Apparently, Russians taken by the German Army were considered by the post-war Russian Government to be tainted with western culture. Those who returned to Russia were persecuted. As for the claimant wife, from all that appears, even if she knew where to find her husband in the west, she would not have been permitted

to emigrate. The separation, from inception to decedent's death, was involuntary and cannot be viewed as a "mutual abandonment". The decision should be affirmed.