■ In the Matter of the Estate of WALTER D. RUFF, Deceased. MYRTLE B. RUFF, Respondent; DONALD D. RUFF et al., Appellants. — Appeal from a decree of the Surrogate's Court of Delaware County (Farley, S.), entered April 9, 1982, which permitted decedent's surviving spouse to exercise her personal right of election against the will. Decedent, Walter D. Ruff, died testate on December 1, 1980 and his last will and testament divided his estate in equal shares among his three children. Decedent's second wife, whom he had married in 1962, petitioned to exercise her personal right of election against the will as a surviving spouse (EPTL 5-1.1). Respondents, who are decedent's three children and coexecutors of decedent's estate, alleged in their answer that petitioner was disqualified from exercising her widow's right of election because she had abandoned decedent and that such abandonment continued until the time of death (EPTL 5-1.2, subd [a], par [5]). After proof of the respective parties was heard, the Surrogate found that the marriage of decedent and petitioner had been marked by discord and frequent absences of petitioner from the marital household for varying lengths of time until September of 1963, when the parties permanently separated. The Surrogate concluded that respondents had failed to sustain their burden of proving that petitioner had abandoned decedent. Accordingly, the Surrogate decreed that petitioner be permitted to elect against her husband's will and take a one-third interest in the assets of his estate. This appeal by respondents ensued. In determining whether a surviving spouse has abandoned a deceased spouse so as to be precluded from an allowance of a distributive share of the decedent's estate, the court is required to employ the same standards as would have been applied if the decedent had sought a decree of separation on the ground of abandonment (see *Matter of Lapenna,* 16 AD2d 655, app dsmd 12 NY2d 671; *Matter of Lamos,* 63 Misc 2d 840, 843). The issues raised in such a determination are difficult enough to resolve between living spouses, but almost impossible to objectively establish where, as here, the testate partner is dead and the survivor is in most respects incompetent to testify to "transactions" involving the decedent (CPLR 4519). The problem is exacerbated by the fact that the law places the burden of proof on the party alleging forfeiture of the right of election (*Matter of Rechtschaffen,* 278 NY 336, 338). Here, the testimony of the various witnesses merely shows that the marriage was disharmonious and that while petitioner frequently left home without explanation prior to the couple's permanent separation in 1963, such departures were never over decedent's objection. Since a "mutual abandonment" is a contradiction in terms and respondents have failed to sustain their burden of proving that petitioner's leaving of the marital residence at that time was without the consent of decedent or unjustified, the result below allowing petitioner to exercise her right of election against the will must stand. Decree affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.