Henry Ward WILLIAMS, Jr., Plaintiff,

v.

Paul Ivan BIRZON, Individually, Ange, Birzon, Gordon, Rosa & Zakia, P.C., Richard D. Rosenbloom, Ronald A. Cicoria and Maureen Virginia Cooper-Jones Williams, Defendants.

No. Civ–83–1223T.

United States District Court, W.D. New York.

Dec. 28, 1983.

Emil J. Bove, Jr., Seneca Falls, N.Y., for plaintiff.

Ange, Birzon, Gordon, Rosa & Zakia, P.C., Buffalo, N.Y. (Nelson F. Zakia, Buffalo, N.Y., of counsel), Office of the Attorney General, State of N.Y. (Carlos Rodriguez, Asst. Atty. Gen., Rochester, N.Y., of counsel), for defendants.

## DECISION AND ORDER

TELESCA, District Judge.

The proceeding before this Court was commenced on October 26, 1983 pursuant to 42 U.S.C. Section 1983. The plaintiff Williams contends that he was denied his property and liberty under color of state law without due process of law. Now pending are motions by the defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## HISTORY OF CASE

The defendant, Maureen Virginia Cooper-Jones Williams (wife) commenced an action for divorce against the plaintiff, Henry Ward Williams, Jr. (husband) in New York State Supreme Court on October 3, 1983. Concurrent with the commencement of that action, the defendant, Ange, Birzon, Gordon, Rosa & Zakia, P.C. (Paul Ivan Birzon, Esq., of counsel) (wife's counsel) applied *ex parte* for certain preliminary relief. The defendant, Richard D. Rosenbloom, a New York State Supreme Court Justice, (defendant Rosenbloom) granted an order directing the husband to appear before the defendant, Ronald A. Cicoria, an Acting Supreme Court Justice (defendant Cicoria) on October 7, 1983 and show cause why the wife's request for preliminary relief should not be granted. Husband, by counsel, appeared on October 6th before defendant Rosenbloom and on October 7th before defendant Cicoria. On each occasion the husband's attorney requested that the temporary relief previously granted by defendant Rosenbloom be vacated[1] and any hearing or argument on the show cause order be adjourned. Both applications were denied.

On October 7, 1983, defendant Cicoria granted the wife preliminary matrimonial relief[2] and referred the matter to Acting Supreme Court Justice Harold J. Scudder for further applications, orders and hearings with respect to the relief sought by each party.

After repeated unsuccessful attempts to vacate or stay the October 3, 1983 and October 7, 1983 orders, husband commenced this Section 1983 action claiming that the defendants acting under color of state law, deprived him of rights secured to him by the Constitution, without due process of law. I disagree and grant the defendants motion to dismiss the complaint for the reasons stated below.

## DISCUSSION

■ In any 42 U.S.C. Section 1983 action the initial inquiry must focus on whether two essential elements are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution of the United States. *Adickes .v. S.H. Kress and Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ The alleged actions of defendants Rosenbloom and Cicoria in their official capacities as New York State Supreme Court Justices are clearly "under color of state law".[3] The husband further contends that wife's counsel acted "jointly" with the judicial defendants thereby bringing counsel's actions "under the color of state law". The husband's allegations of joint activity must be viewed in a light most favorable to him on a motion to dismiss his complaint, and thus, the first prerequisite has at least been adequately pleaded.

However, the critical question presented is whether the plaintiff was .deprived of

---

1. On October 3, 1983 defendant Rosenbloom had issued the following preliminary matrimonial relief. He directed the husband to refrain from any physical or verbal assault or harassment of the wife and prohibited the husband from removing the infant children of the parties from the wife's presence except at designated times of visitation. Further, he restrained and enjoined both husband and wife from removing any personal property from the marital residence.

2. On October 7, 1983 defendant Cicoria granted the wife exclusive use and occupancy of the marital residence and temporary custody of the infant children. The order also granted specified rights of visitation to the husband. How-

ever, the facts before this Court indicate that the husband vacated the marital residence in March, 1982 for a period of one year. Thereafter, husband remained in the marital residence until July, 1983. From July, 1983, until the commencement of this action the husband did not reside with his wife and infant children. Thus, plaintiff's allegations of deprivation of property and liberty in regard to the marital residence are questionable at best.

3. Just as clearly, these [judicial] defendants are cloaked with absolute immunity from any damage awarded in a Section 1983 action. *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

any right, privilege, or immunity secured by the Constitution or the laws of the United States without due process of law. Although the plaintiff alleges such a deprivation, the Fourteenth Amendment only protects against deprivations which are carried out *"without due process of law"*. *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979). (emphasis added).

■ Plaintiff is correct in asserting that the due process clause requires that an individual be afforded a right to a meaningful hearing at a meaningful time. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). In deciding whether a given deprivation violates the Constitution, a court must balance "the importance of the private interest and length or finality of the deprivation; the likelihood of governmental error; and the magnitude of the governmental interests involved". *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434, 102 S.Ct. 1148, 1156, 71 L.Ed.2d 265 (1982) (citations omitted). The courts have long recognized that a deprivation or interference with property and liberty interests without a pre-deprivation hearing is permitted where the deprivation is based on an emergency and is coupled with an opportunity for some post-deprivation hearing or review to assess the propriety of the state's action. *Duchesne v. Sugarman*, 566 F.2d 817 (2nd Cir.1977); *North American Cold Storage Co. v. Chicago*, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908); *Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); *See Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S.Ct. 780, 785, 28 L.Ed.2d 113 (1971).

■ New York State law authorizes the relief complained of herein without a pre-deprivation hearing. Exclusive possession of a marital residence can be granted without a hearing to protect the safety and security of persons and property. *Harkavy v. Harkavy*, 93 A.D.2d 879, 461 N.Y. S.2d 421 (2nd Dept.1983); *Freihofer v. Freihofer*, 91 A.D.2d 814, 458 N.Y.S.2d 38 (3rd Dept.1982). Similarly, the state's obligation to protect the health and safety of minor children authorizes an award of temporary custody without a pre-deprivation hearing. The magnitude of this state interest is certainly equal to those involved in *Duchesne, North American Cold Storage,* (and the other authorities cited) where the Supreme Court has recognized the necessity for quick action by the state, so long as there is an expeditious opportunity granted to those affected to challenge the action taken. The procedure followed in this case gave the plaintiff numerous opportunities to challenge the propriety of the defendants' actions.[4]

The interest of the state in protecting the safety and security of persons and property, the non-final status of the relief granted and the nature of the alleged deprivation convince me that the procedures followed were fair and reasonable. Simply stated, the established state procedure afforded the plaintiff due process of law.

Even if, as the plaintiff argues, but does not allege in his complaint, wife's counsel or the judicial defendants abused or acted contrary to established state procedure, this claim does not give rise to a due process violation. The state cannot be expected to provide a pre-deprivation hearing in these unforeseeable instances. The husband's interests are adequately protected

---

**4.** Plaintiff husband was given an opportunity to be heard some three days after the order was granted but chose instead to adjourn the hearing. The Court also notes that in addition to husband's counsel's appearance before defendant Rosenbloom on October 6, 1983 and before defendant Cicoria on October 7, 1983, husband's counsel appeared before defendant Cicoria on October 21, 1983 and requested a reconsideration of the matrimonial relief granted. This application was denied. On October 27, 1983

husband's counsel applied to the New York State Supreme Court, Appellate Division, Fourth Department, *en banc* for a stay of defendant Cicoria's order pending a resolution of an appeal therefrom. This application was denied. There is now an appeal pending in New York State Supreme Court, Appellate Division, Fourth Department. Additionally, counsel for each of the parties appeared before Acting Supreme Court Justice Harold J. Scudder on November 9, 16 and 17, 1983.

by state appellate procedure, an Article 78 proceeding and various tort remedies available under state law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Daniels v. Williams*, 720 F.2d 792 (4th Cir.1983).

This Court is well aware of the various court appearances and hearings conducted in this case and will not adopt an appellate posture to review the propriety and content of the various orders issued in the matrimonial action pending in State Court. Nor will this Court review the exercise of discretion by the judicial defendants. This Court's focus is directed solely to the issue of whether the procedure followed in this instance deprived the plaintiff of property and liberty without due process of law. In light of the principles enunciated herein, and the facts before this Court, I hold as a matter of law, that the process afforded to the husband is consistent with the due process requirements of the Fourteenth Amendment. Thus, defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be granted.

Wife's counsel requests an assessment of costs and sanctions. In light of particular aspects of this case, the application gives this Court reason to pause. The plaintiff is a well respected attorney in his own right and this invites the application of a higher standard when judging the wisdom of instituting this action. However, the vigorousness displayed by plaintiff's attorney in opposition to this motion indicates to me that although destined to fail from a legal standpoint, this action was not commenced in bad faith. Thus I do not conclude that this type of situation was contemplated in the amendment to Rule 11 and application for sanctions is denied.[5]

SO ORDERED.

---

5. Rule 11 of the Fed.R.Civ.P. as amended August 1, 1983 is designed to draw greater attention by district courts to pleading and motion abuses, and the imposition of sanctions against a litigant who acts in bad faith in instituting an action. I conclude that the plaintiff felt he was pursuing a plausible view of the law (although *extremely* tenuous) and choose not to impose sanctions such as requiring the payment of defendants' legal fees.