749 P.2d 948

**ESTATE OF Juan GARCIA, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**A & H Supply Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 3682.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 2, 1988.

Ruben J. Marchosky, Phoenix, for petitioner.

The Industrial Commission of Arizona, Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent.

State Compensation Fund, Robert K. Park, Chief Counsel by Christopher E. Kamper, Phoenix, for respondent employer and carrier.

## OPINION

GREER, Judge.

This is a special action review of an Industrial Commission award denying a widow's claim for benefits. One issue is presented: Whether the administrative law judge's conclusion that the petitioner/claimant voluntarily abandoned her husband prior to his death as defined in A.R.S. § 23–1064(A)(1) was reasonably supported by the evidence and applicable law.

We find that the award is reasonably supported by the evidence and affirm.

Claimant and her husband were married on March 26, 1976, in Phoenix, Arizona. The couple had a stormy relationship, and claimant testified that she lived with her husband "off and on [for] two years." During this period, the husband frequently physically abused the claimant. Sometime in 1978, after a particularly violent quarrel, the husband left the marital home, never to return. After a period of separation lasting approximately five years, the husband entered into a "marriage" relationship with another woman. A child was born of this union ten days before the husband's death. The claimant also testified that she had lived with two different men at two separate times during the separation. On February 18, 1985, the husband, who was employed as a warehouseman and driver, was killed in an accident arising out of and in the course of his employment. At that time, the claimant and the decedent had lived apart for approximately seven years.

Following his death, the claimant filed a claim for widow's benefits. Despite their lengthy separation, neither the claimant nor the decedent had secured a decree of dissolution. Therefore, the claimant was still legally married to the decedent when he died. The State Compensation Fund issued a Notice of Claim Status denying her claim. The claimant filed a request for a hearing. A formal hearing was held, and on September 17, 1986, the presiding administrative law judge issued a Decision upon Hearing and Findings and Award Determining Dependency Status ordering that the claimant take nothing from the respondent employer or carrier. The administrative law judge affirmed his award upon review, and the claimant filed this special action petition. We note that the dependency status of the decedent's child was not questioned and the Fund accepted a claim for death benefits filed on his behalf.

Under our workers' compensation system, a claimant is entitled to death benefits only if she was dependent upon the deceased employee. A.R.S. §§ 23–1046,

-1064(B). In relevant part, A.R.S. § 23–1064(A)(1) provides:

The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

A wife upon a husband whom she has not *voluntarily abandoned* at the time of injury.

(Emphasis added.) The meaning of "abandonment" in the context of the workers' compensation law is identical to the meaning of abandonment or desertion under Arizona's now repealed domestic relations code. *Putvain v. Industrial Comm'n*, 140 Ariz. 138, 140, 680 P.2d 1199, 1201 (1984). To establish a case of desertion,

it should appear that the wife left her husband of her own accord, without his consent, and against his will, or that she obstinately refused to return, without just cause, upon his request....

*Id.* at 141, 680 P.2d at 1202, *quoting Andrade v. Andrade*, 14 Ariz. 379, 387–88, 128 P. 813, 817 (1912). Further, the "abandoning or deserting party must 'intend to break off all marital relations and disavow their obligations and duties *without justification.*'" *Putvain*, 140 Ariz. at 141, 680 P.2d at 1202, *quoting Lundy v. Lundy*, 23 Ariz. 213, 225, 202 P. 809, 813 (1922) (emphasis added).

In the present case, it is uncontroverted that it was the deceased husband who left the claimant. There was also substantial evidence to support the position that any intent on the part of the claimant to break off marital relations was justified by the decedent's physical abuse of her. Thus, without more, it appears that the claimant did not abandon her husband and should be entitled to compensation benefits.

However, here the claimant and her husband had been separated for approximately seven years before his death. During this period, the husband had entered into an informal "marriage" relationship with another woman and fathered a child. The claimant testified that she had lived with two different men on two separate occasions during this separation. Further, there was no evidence that the husband provided any monetary or other sustenance to the claimant after the separation. In short, both had accepted the separation and started a new life.

We believe that the length and nature of this separation distinguishes and sets this situation apart from that found in *Putvain.* In *Putvain*, as here, the husband left his wife. Subsequently, she prevailed on a countersuit and was granted a divorce, but her husband died in an industrial accident before the divorce became final. Our supreme court held that the wife was entitled to compensation benefits as a dependent because her conduct did not come within the definition of abandonment or desertion. *Putvain*, 140 Ariz. at 141–142, 680 P.2d at 1202–1203. However, unlike the situation presented here, the Putvains were only separated for approximately one year. *Id.* at 140, 680 P.2d at 1201. *See also Clark v. Industrial Comm'n*, 10 Ariz.App. 486, 460 P.2d 22 (1969) (separation of only one month).

As one noted commentator explained, "[e]ven when the initial separation was involuntary and blameless, it may become converted over a long period of time into constructive desertion by the mutual acceptance of the separation and the deliberate assumption of new relationships." 2 A. Larson, *Law of Workmen's Compensation*, § 62.43 (1987). In *Brezickyj v. Eastern Railroad Builders Inc.*, 59 A.D.2d 578, 397 N.Y.S.2d 452 (N.Y.App.Div.1977), the court refused to allow a surviving spouse to recover death benefits under a statute substantially similar to the one at issue here. The husband and wife had been involuntarily separated for twenty years, and the court concluded that, because each had countenanced the separation, there had been a mutual abandonment subsequent to the original involuntary separation. *Id.* 397 N.Y.S.2d at 453–54; *see also*, Larson at § 62.43. Under the facts presented here, this long separation, countenanced and recognized by both, clearly lapsed into an ignored marital status. *See Brezickyj*, at 454. We conclude, as did the *Brezickyj* court, that this ignored marital status created a mutual abandonment between the claimant and the deceased. *Id.*

The spirit and purpose of the workers' compensation law compels such a result. The law is primarily social legislation designed to compensate workers and their dependents injured or killed in the course of their employment in order to prevent them from becoming public charges. *See generally Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980); *Prigosin v. Industrial Comm'n,* 113 Ariz. 87, 546 P.2d 823 (1976). There is no question here from the evidence presented that the claimant has lived for at least seven years without the decedent's support and as if the decedent had never existed. To find her eligible for death benefits in this type of situation would be to provide support for her where none had been sought or received before. Further, an award of benefits to the "widow" would arguably reduce, or prevent an increase in, the amount of benefits payable to the decedent's child. A.R.S. § 23–1046(A); *cf. Bonnin v. Industrial Comm'n,* 6 Ariz.App. 317, 432 P.2d 283 (1967). Surely, the purpose of this law is not advanced by a result which would enrich the claimant by reducing the amount of benefits paid to a child truly dependent on the decedent. Such a windfall clearly violates the purpose underlying this statute.

For the foregoing reasons, the award is affirmed.

CONTRERAS, P.J., and FIDEL, J., concur.