■ In the Matter of the Claim of RANDI SHUMWAY et al., Appellants, and NANCY A. SHUMWAY, Respondent, v ALBANY PORT TAVERN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 17, 1988.

Carl Shumway was killed on December 31, 1985 while working as a bartender. Accident, notice and causal relationship for workers' compensation death benefits have been established. We are concerned only with whether decedent's legal spouse abandoned him, thereby foreclosing, pursuant to Workers' Compensation Law § 16 (1-a), her right to share in the benefits. Decedent and claimant Nancy A. Shumway were

married on January 28, 1967 and proceeded to have four children. Shumway testified that they lived together until November 4, 1976 when, as a result of decedent's persistent drinking, gambling and absences, she "asked him to kindly leave, and he did". Decedent's mother testified that her son was put out of the house by Shumway and did not have a drinking or gambling problem, although she ultimately conceded that she did not know the circumstances regarding decedent's departure from the marital home.

Decedent thereafter took up residence with Deborah Carvill and this couple, although never marrying, had two children (hereinafter the Carvill children). This relationship continued until decedent's death, although he was providing support, pursuant to court order, to Shumway and decedent's first four children. Although Shumway had taken some steps toward securing a divorce, it is unclear whether a summons had been served and uncontroverted that decedent and Shumway were never legally separated or divorced. After several years of separation from decedent, Shumway began cohabitating with another man and this relationship existed at the time of decedent's death.

A Workers' Compensation Law Judge concluded that Shumway had not abandoned decedent and awarded death benefits to her and the six children. The Carvill children appealed to the Workers' Compensation Board, arguing that Shumway had abandoned decedent and, thus, should not share in the death benefits. The Board affirmed, finding that Shumway did not abandon decedent because his conduct justified her request that he leave. The Carvill children now appeal.

Acts of abandonment which will prevent a spouse from receiving workers' compensation death benefits are those which will satisfy the abandonment ground for a separation pursuant to Domestic Relations Law § 200 (Workers' Compensation Law § 16 [1-a], [3]). To constitute an abandonment in this context, we have held that the separation must be voluntary, without justification and nonconsensual (see, e.g., Matter of Johnson v Birds Eye Frozen Foods, 32 AD2d 585). Shumway's testimony concerning decedent's drinking and gambling certainly provides substantial evidence for the Board's finding that she was justified in asking decedent to leave so that there was no abandonment by her within the meaning of Workers' Compensation Law § 16 (1-a), (3) (see, e.g., Matter of Harge v Bell & Son, 12 AD2d 568, lv denied 9 NY2d 609). It was within the Board's authority to discredit any contrary evi-

dence and to resolve this factual issue in a manner supported by substantial evidence *(supra)*.

The Carvill children's contention that Shumway's subsequent relationship somehow constituted an abandonment is contrary to our decisions *(see, e.g., Matter of Johnson v Birds Eye Frozen Foods, supra)*. Next, we are unpersuaded by the contention that under *Matter of Brezickyj v Eastern R. R. Bldrs.* (59 AD2d 578) there was a mutual abandonment precluding benefits to Shumway. Our more recent decisions cast strong doubt on the continued viability of the mutual abandonment theory underlying *Brezickyj (see, Matter of Ruff,* 91 AD2d 814). In any event, our decision in *Brezickyj* was premised on a lack of dependency and support for over 20 years, factors absent here in light of the court support order in favor of Shumway and her children. Nor are we persuaded by the argument that awarding Shumway death benefits despite her nine-year separation from decedent constitutes a windfall and is contrary to the social welfare purposes of workers' compensation. The Legislature has not imposed a time requirement in its definition of abandonment for workers' compensation death benefits and it is inappropriate for us to do so. For all these reasons, we affirm the Board's decision.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.