■ In the Matter of the Estate of WALTER E. MAUL, Deceased. WILLIAM E. MAUL, as Executor of WALTER E. MAUL, Deceased, Respondent; RICHARD D. WICKERHAM, as Conservator of the Property of HELEN J. MAUL, Appellant.—Mahoney, P. J. Appeal from an order of the Surrogate's Court of Schenectady County (Moynihan, S.), entered March 29, 1988, which, *inter alia,* denied respondent's cross motion for summary judgment granting the surviving spouse's right of election to share against decedent's will.

Decedent died in April 1987 leaving three survivors: his spouse, Helen J. Maul (hereinafter Maul), his son (hereinafter petitioner), who was named executor, and his daughter, Mary Malinowski. In his will, decedent left his entire estate to petitioner. In 1984, due to Maul's advanced age and infirmity, respondent was appointed her conservator.

In August 1987, Surrogate's Court issued a decree granting probate of decedent's will. In October 1987, pursuant to authorization by Supreme Court, respondent, as Maul's conservator, filed a notice of election against decedent's estate (EPTL 5-1.1 [d] [4] [C]). Petitioner then filed a petition seeking a determination of the validity of Maul's right of election pursuant to EPTL 5-1.2 (a) (5) and (6). After issue was joined, petitioner moved for summary judgment declaring the right of election invalid on the ground of abandonment. Respondent cross-moved for summary judgment to enforce the right of election.

Surrogate's Court found that the notice of election was properly filed and that petitioner's petition for a determination of the validity of Maul's right of election was also appropriate. Concluding that the disposition of the petition necessarily involved determination of issues of fact concerning Maul's alleged abandonment of decedent, Surrogate's Court ordered an evidentiary hearing. Our review of the record convinces us that the court's determination is adequately supported by the conflicting facts presented by the parties and the law as applicable to this situation. For example, in *Matter of Ruff* (91 AD2d 814), a case with a factual pattern giving rise to the identical issue before us herein, we held that Surrogate's Court properly conducted an evidentiary hearing to determine whether a wife had a right to exercise her personal right of election against her deceased husband's estate *(see also,* 9A Rohan, NY Civ Prac ¶ 5-1.2 [14]). Therefore, we affirm the order appealed from.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.