WENTWORTH, Senior Judge.
This is an appeal from an order of a judge of compensation claims denying a claim for dependent death benefits pursuant to section 440.16, Florida Statutes (1991). We reverse the order, concluding that the timely filed claim herein could properly be amended to include benefits for the appellant, Effie Lee Stallings, as a dependent beneficiary.
Walter Stallings died in a compensable automobile accident on February 13, 1990 while employed by the appellee F.M.C. Corporation. He was survived by his mother, the appellant Effie Lee Stallings, and by a brother, Isham Stallings. On January 27, 1992 Isham Stallings filed a claim for benefits on the Division’s “Claim for Benefits” form, requesting “[djeathbenefits (sic) pursuant to Chapter 440.16; funeral expenses; penalties and interest; attorney’s fees & costs (21 day rule).” On February 12, 1993, nearly three years after the death of Walter Stallings and before any motion to dismiss the pending claim, the appellant’s counsel filed an “Amendment to Claim Filed,” stating the addition of appellant Effie Lee Stallings as an additional beneficiary on the original claim. The order on appeal recites a “status conference” agreement that, at the hearing on the merits, Isham Stallings was “dropped” as a party by his counsel but his stated voluntary dismissal did not dismiss his claim for funeral expenses. The JCC found that Effie Lee Stallings received substantial support from the decedent and was therefore dependent. The JCC denied her claim for dependent benefits, however, holding that her amendment constituted a separate and distinct claim from that of Isham Stallings and, as such, had not been timely filed.
Section 440.16, Florida Statutes, lists the beneficiaries entitled to claim compensation for death benefits under the Workers’ Compensation Act. Section 440.19(l)(d) bars the right to compensation for death benefits “unless a claim therefor ... is filed within 2 years after the death.” Id. (Emphasis added.) The appellees do not dispute that Is-ham Stallings filed a timely claim for death benefits and have not appealed the JCC’s finding that the appellant was dependent upon the decedent. Because the JCC awarded funeral expenses on the basis of Isham Stallings’ claim, the award implicitly acknowledged that his claim had been filed in a representative capacity to request benefits under the statute. We conclude that it constituted a pending timely claim, and appellant’s amendment to that claim properly sought her dependency benefits. In view of the unchallenged finding that she was dependent, she was entitled to death benefits under the statute.[1]
The judge of compensation claims order is REVERSED and the cause remanded for further consistent proceedings.
ZEHMER, C.J., and DAVIS, J., concur.

. We note that this result is in accord with an interpretation of a similar workers' compensation limitation statute in another state, Whitsell v. Academy Auto Sales, 227 N.Y.S.2d 510, 16 A.D.2d 846 (N.Y.App.1962), app. den’d, 12 N.Y.2d 642, 185 N.E.2d 552, 232 N.Y.S.2d 1026 (1962), and with a sister court’s interpretation of the limitation of action under Florida’s Wrongful Death Act, Talan v. Murphy, 443 So.2d 207 (Fla. 3rd DCA 1983), rev. den’d 451 So.2d 849 (Fla. 1984).