In the Matter of the Claim of INGRID WAY, Appellant, v J & J LOG & LUMBER CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [797 NYS2d 186]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 2004, which ruled that claimant was not entitled to death benefits as a surviving spouse.

Claimant and decedent were married in 1993. In April 1996, decedent commenced an action for divorce which did not result in a final judgment. Claimant thereafter left the marital residence and relocated to Florida in February 1997. In April 2001, decedent died while working as a lumber scaler and the case was established for accidental death. Subsequently, claimant, as the surviving spouse, filed an application for workers' compensation death benefits pursuant to Workers' Compensation Law § 16 (1-a).

The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim, arguing that claimant was foreclosed from receiving benefits under Workers' Compensation Law § 16 (1-a) because she had abandoned decedent by moving to Florida. Following proceedings, the Workers' Compensation Law Judge ruled that the employer had not sustained its burden of proving the defense of abandonment and awarded claimant benefits. The

Workers' Compensation Board thereafter reversed, and this appeal by claimant ensued.

Acts of abandonment which will preclude a spouse from receiving workers' compensation death benefits are those which will sustain a judgment of separation pursuant to Domestic Relations Law § 200 (*see* Workers' Compensation Law § 16 [1-a] [3]). Accordingly, abandonment in this context requires proof that the separation was voluntary, unjustified, nonconsensual and intended to be permanent (*see Bohmert v Bohmert*, 241 NY 446, 451-452 [1926]; *Matter of Shumway v Albany Port Tavern*, 154 AD2d 751, 752 [1989]; *Matter of Johnson v Birds Eye Frozen Foods*, 32 AD2d 585, 585 [1969]). Initially, claimant's assertion that the complaint in the divorce action establishes that her departure was not voluntary because it alleges that decedent asked her to leave the marital residence is not supported by the record. On the contrary, the complaint alleges that it was *claimant* who "told [decedent] to get out of the marital residence and that she did not wish to be married to him any longer." Moreover, the record reveals that after decedent refused to move with claimant to Florida, claimant relocated of her own accord and remained there until after decedent's death. Although claimant testified that she intended to live together with decedent again and that she had maintained contact with him while living in Florida, the Board was entitled to assign greater weight to the testimony of decedent's sister, who indicated that decedent told her that he had not kept in touch with claimant and did not intend to reconcile.

However, we find that the Board erred in concluding that decedent did not consent to claimant's departure because he commenced an action for divorce after she left. The record reveals that decedent commenced the divorce action in April 1996 and that claimant did not leave the marital residence until February 1997—nearly one year later. Additionally, decedent's sister testified that decedent and claimant separated because "[claimant] no longer wanted to be with [decedent] at that point, and also [decedent] no longer wanted to be with [claimant] either." Since the employer failed to sustain its burden to show that claimant's departure was over decedent's objection or without his consent, we find that the Board's determination denying claimant benefits lacks a rational basis in the record (*see Matter of Ruff*, 91 AD2d 814, 814 [1982]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.