Matter of Ramirez v Echevarria (2023 NY Slip Op 00901)

Matter of Ramirez v Echevarria

2023 NY Slip Op 00901

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534683
[*1]In the Matter of the Claim of Sarah Ramirez, on Behalf of Garrison Echevarria, as Surviving Child of Gregory Echevarria, Deceased, Appellant,
v
Keamesha Echevarria, Respondent, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ. 

Law Offices of Klee Woolf Goldman & Filpi LLP, Mineola (Sarah L. Baia of counsel), for appellant.
Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for Keamesha Echevarria, respondent.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 7, 2021, which ruled, among other things, that Keamesha Echevarria was entitled to death benefits as decedent's surviving spouse, and (2) from a decision of said Board, filed December 24, 2021, which denied an application filed on behalf of Garrison Echevarria for reconsideration and/or full Board review.
In January 2004, Gregory Echevarria (hereinafter decedent) and Keamesha Echevarria (hereinafter Echevarria) married. Shortly thereafter, decedent enlisted in the Army and eventually was stationed in Germany. Echevarria joined decedent in early 2005 and resided in Germany, with their three children, until June 2008, when the family returned to New York. Decedent subsequently returned to Germany for his deployment, and Echevarria and the children remained in New York. According to Echevarria, decedent consented to this arrangement in order to, among other things, facilitate Echevarria's desire to pursue an education, and decedent, who remained in contact with his family while in Germany, would stay with them whenever he was home on leave.
In September 2012, Echevarria commenced an action for divorce in Florida, where she then was residing, citing the irretrievable breakdown of the marriage and listing the date of separation as July 8, 2008. Decedent, who apparently briefly resided with Echevarria and the children in Florida following his discharge from the Army in May 2013, answered, admitted the allegations contained in the underlying petition and requested that a copy of the judgment of divorce be mailed to him. For reasons not clear from the record, the divorce was never finalized.
Echevarria began a romantic relationship with someone else in July 2015, and had a child with that individual in April 2016. Decedent, in turn, moved in with his fiancée in July 2017 and, in January 2019, a child was born to that relationship. In March 2019, Echevarria again filed for divorce — this time in Alabama. Decedent retained counsel and filed a notice of appearance and discovery demands, and the matter was set down for a trial in June 2019. Decedent, however, was killed in a work-related accident in April 2019 and so, the divorce was never finalized.
Following decedent's death, Echevarria filed for workers' compensation survivors' benefits, seeking benefits for the three children of her marriage with decedent, and for herself as decedent's surviving spouse. Shortly thereafter, decedent's fiancÉe filed a similar claim seeking benefits for the child that she and decedent shared, and asserted that Echevarria was not entitled to spousal benefits because she had abandoned decedent. Hearings ensued and, by amended decision filed in June 2020, a Workers' Compensation Law Judge found, among other things, that Echevarria had not abandoned decedent prior to his death, and awarded her benefits as decedent's surviving spouse. Upon administrative review, the Workers' Compensation Board affirmed[*2], and decedent's fiancÉe — on behalf of the minor child that she and decedent shared — appealed. The fiancÉe's subsequent application for reconsideration and/or full Board review was denied, and she appeals from that decision as well.
"For purposes of the workers' compensation death benefits provision, which gives first priority to surviving spouses, 'the term surviving spouse shall be deemed to mean the legal spouse' of the deceased employee" (Matter of Langan v State Farm Fire & Cas., 48 AD3d 76, 78 [3d Dept 2007], quoting Workers' Compensation Law § 16 [1-a] [2]). Excluded from the definition of a legal spouse, however, is "a spouse who has abandoned the deceased" (Workers' Compensation Law § 16 [1-a] [2]). The term abandoned, in turn, is defined as acts sufficient to sustain a judgment of separation within the meaning of Domestic Relations Law § 200 (see Workers' Compensation Law § 16 [1-a] [3]; Matter of Way v J & J Log & Lbr. Corp., 19 AD3d 929, 930 [3d Dept 2005]; Matter of Shumway v Albany Port Tavern, 154 AD2d 751, 752 [3d Dept 1989]). "[A]bandonment in this context requires proof that the separation was voluntary, unjustified, nonconsensual, and intended to be permanent" (Matter of Way v J & J Log & Lbr. Corp., 19 AD3d at 930; see Matter of Shumway v Albany Port Tavern, 154 AD2d at 752). The failure to establish even one of the required elements precludes a finding of abandonment (see Matter of Way v J & J Log & Lbr. Corp., 19 AD3d at 930; Matter of Shumway v Albany Port Tavern, 154 AD2d at 752).
The Board, as the exclusive arbiter of witness credibility (see Matter of Molander v New York City Tr. Auth., 209 AD3d 1092, 1094 [3d Dept 2022]; Matter of White v SEG Maintenance, Inc., 205 AD3d 1257, 1259 [3d Dept 2022]), was entitled to credit Echevarria's testimony that decedent consented to her remaining in New York with the children when he returned to Germany in 2008, that she discussed her subsequent move to Florida with decedent, who joined her there briefly after he was discharged in 2013, and that — despite twice filing for divorce and having a child with another man — she wanted to work things out with decedent and essentially threatened him with divorce in order to persuade him to "act right." Additionally, although not expressly cited by the Board, Echevarria and decedent's marital problems — prior to leaving Germany in 2008 — are well documented in decedent's military records and suggest that Echevarria's actions in remaining apart from decedent may have been justified. In sum, as the record falls short of establishing each of the required elements for abandonment, substantial evidence supports the Board's conclusion that Echevarria remained decedent's legal spouse within the meaning of Workers' Compensation Law § 16 (1-a). Accordingly, the Board's decision finding that Echevarria was entitled to benefits as decedent's surviving spouse is affirmed.
As for the fiancÉe's application for reconsideration and/or full Board review[*3], "our review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner in denying that application" (Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1083 [3d Dept 2022] [internal quotation marks and citations omitted]). Given that the fiancÉe failed "to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Eastman v Glens Falls Hosp., 202 AD3d 1232, 1233 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1085 [3d Dept 2022], lv denied 38 NY3d 1029 [2022]), we discern no abuse of discretion in the Board's denial of her application (see Matter of Nunez v Young Men's Christian Assn. of Greater N.Y., 210 AD3d 1269, 1272 [2022]). The fiancÉe's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.