Matter of Orrego v Knipfing (2023 NY Slip Op 05568)

Matter of Orrego v Knipfing

2023 NY Slip Op 05568

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

535740
[*1]In the Matter of the Claim of Lidia M. Orrego, Appellant,
v
Kevin Knipfing et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Lidia M. Orrego, Rego Park, appellant pro se.
Cipriani & Werner, PC, Iselin, New Jersey (Marc Neuman of counsel), for Kevin Knipfing and others, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 9, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant worked as a nanny for the employer beginning in January 2018 until she was discharged for cause in November 2018. In September 2019, claimant filed a workers' compensation claim, which she subsequently amended twice, ultimately alleging that she sustained an occupational disease in the course of her employment. Following various hearings at which claimant and other witnesses testified, deposition testimony and submission of medical evidence, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, discredited claimant's testimony and disallowed the claim, noting that the claim appeared to be an afterthought related to other issues involving claimant's employment. The Workers' Compensation Board, by decision filed June 16, 2021, affirmed the WCLJ's decision. Claimant's subsequent application for reconsideration and/or full Board review was denied by a decision filed March 9, 2022. Claimant appeals from the Board's March 9, 2022 decision.[FN1]
We affirm. There is no support in the record for claimant's contention that the determination denying her application for reconsideration and/or full Board review was the result of, among other alleged improprieties, conspiracy and fraud in the proceedings. In support of her application for reconsideration and/or full Board review, claimant submitted a voluminous amount of new documents to support her growing allegations of, among other things, fraud and a grand conspiracy between all parties — inclusive of her counsel, the WCLJ and the Board — in denying her claim. Claimant's conclusory assertion that the Board failed to review the relevant information submitted in support of her application is unavailing. Upon reviewing the record, the Board did not act in an arbitrary or capricious manner or abuse its discretion in denying the application (see Matter of Ramirez v Echevarria, 213 AD3d 1098, 1101 [3d Dept 2023]; Matter of Petre v Allied Devices Corp., 213 AD3d 1117, 1118 [3d Dept 2023]). Claimant's remaining contentions, to the extent that they are properly before this Court, are without merit.
Lynch, J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although the Record on Appeal contains a notice of appeal with regard to the Board's June 16, 2021 decision, that appeal was not perfected within six months and, therefore, is deemed dismissed (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [a]).